UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KENNETH ARDELL SMITH, | No. 2:15-cv-1380 KJM AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DEUEL VOCATIONAL INSTITUTE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Complaint

Plaintiff's complaint is vague and difficult to understand. Insofar as the court can make sense of it, it appears that plaintiff is accusing defendant Morgan, a correctional officer at Deuel Vocational Institution, of "stalking" plaintiff and "openly disrespecting" him. See ECF No. 1 at 2, 6. Plaintiff alleges that defendant Morgan was "super unprofessional," showed no courtesy to plaintiff, and did not address plaintiff by his "proper name." Id. at 2. Plaintiff further alleges that defendant Morgan opened and closed plaintiff's cell door from the control booth while plaintiff was sleeping, "as if it [were] a game." Id. at 6. Plaintiff also makes a vague reference to "employee sexual misconduct," sodomy, and lack of inmate consent, and alleges that he suffers from mental health issues. See id. at 2.

### IV. Vague and Conclusory Allegations

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

1  complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

2       V.     <u>Verbal Harassment</u>

3       Plaintiff's allegation that defendant Morgan was disrespectful to plaintiff suggests that
4  plaintiff may be attempting to frame a harassment claim against defendant Morgan.  Plaintiff is
5  advised that "verbal harassment or abuse . . . [alone] is insufficient to state a constitutional
6  deprivation under 42 U.S.C. 1983."  <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987)
7  (citation and internal quotation omitted).  As the Ninth Circuit Court of Appeals has previously
8  recognized, the "exchange of verbal insults between inmates and guards is a constant, daily ritual
9  observed in this nation's prisons" and does not rise to the level of an Eighth Amendment
10 violation.  <u>Somers v. Thurman</u>, 109 F.3d 614, 622 (9th Cir. 1997); <u>see also</u> <u>Keenan v. Hall</u>, 83
11 F.3d 1083, 1092 (9th Cir. 1996), <u>amended by</u> 135 F.3d 1318 (9th Cir. 1998) (finding no Eighth
12 Amendment violation where plaintiff alleged that prison guards made "disrespectful and
13 assaultive comments" to him and did not present evidence that the comments "were unusually
14 gross even for a prison setting and were calculated to and did cause him psychological damage").
15 Even threats, without more, do not rise to the level of a constitutional violation.  <u>Gaut v. Sunn</u>,
16 810 F.2d 923, 925 (9th Cir.1987).  On the other hand, verbal harassment intended to humiliate or
17 endanger the inmate may violate the Constitution.  <u>See</u> <u>Somers</u>, 109 F.3d at 622; <u>Keenan</u>, 83 F.3d
18 at 1092.

19      To the extent plaintiff alleges that defendant Morgan was openly disrespectful and
20 discourteous to plaintiff, plaintiff's allegations fail to state a claim for relief because verbal
21 harassment, standing alone, does not violate the Eighth Amendment.  <u>See</u> <u>Keenan</u>, 83 F.3d at
22 1092.  In particular, defendant's alleged failure to call plaintiff by his "proper name" does not rise
23 to the level of an Eighth Amendment violation, and plaintiff has not explained what other
24 comments defendant Morgan made to him.  Plaintiff also has not sufficiently alleged that
25 defendant Morgan's comments were intended to humiliate plaintiff or cause plaintiff
26 psychological harm, or that plaintiff suffered harm as a result of Morgan's comments.  While
27 plaintiff makes reference to mental health issues, plaintiff's allegations are so vague that the court
28 cannot determine whether plaintiff is alleging that defendant Morgan caused plaintiff to develop

1  mental health problems, or if plaintiff is simply informing the court that he has mental health
2  issues.  Finally, to the extent plaintiff alleges that defendant Morgan "stalked" him and opened
3  and closed his cell door on two occasions, plaintiff has not provided enough detail about
4  defendant Morgan's conduct for the court to determine whether defendant's actions rise to the
5  level of a constitutional violation.
6        Plaintiff's claim will be dismissed but plaintiff will be given leave to amend.  If plaintiff
7  files an amended complaint, he should clearly explain what defendant Morgan did or said to
8  plaintiff, whether Morgan's actions were intended to humiliate or endanger plaintiff or cause him
9  psychological harm, and whether plaintiff actually suffered harm as a result of defendant's
10 comments.
11       VI.    Sexual Harassment
12       Plaintiff's vague references to sexual misconduct, lack of consent, and sodomy suggest
13 that plaintiff may be attempting to frame a claim for sexual harassment or abuse against defendant
14 Morgan.  "The Eighth Amendment proscribes the infliction of cruel and unusual punishment on
15 prisoners.  Whether a particular event or condition in fact constitutes 'cruel and unusual
16 punishment' is gauged against 'the evolving standards of decency that mark the progress of a
17 maturing society.'"  Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson
18 v. McMillian, 503 U.S. 1, 8 (1992)).  "After incarceration, only the unnecessary and wanton
19 infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth
20 Amendment."  Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal
21 quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).  "The alleged
22 pain may be physical or psychological."  Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)
23 (citing Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993)).
24       "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the
25 Eighth Amendment."  Wood v. Beauclair, 692 F. 1041, 1046 (9th Cir. 2012) (citations omitted).
26 "A corrections officer's intentional contact with an inmate's genitalia or other intimate area,
27 which serves no penological purpose and is undertaken with the intent to gratify the officer's
28 sexual desire or humiliate the inmate, violates the Eighth Amendment."  Crawford v. Cuomo, 796

1  F.3d 252, 257 (2nd Cir. 2015). "[S]exual contact between a prisoner and a prison guard serves no
2  legitimate role and 'is simply not part of the penalty that criminal offenders pay for their offenses
3  against society.'" Wood, 692 F.3d at 1050 (quoting Farmer, 511 U.S. at 834) (some internal
4  quotation marks omitted). "Where there is no legitimate penological purpose for a prison
5  official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" Id. (alteration in
6  original) (quoting Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999)). "[T]here
7  is no requirement that the plaintiff produce evidence of injury; '[r]ather, the only requirement is
8  that the officer's actions be offensive to human dignity.'" Id. (quoting Schwenk, 204 F.3d at
9  1196) (some internal quotation marks omitted).

10  However, not "every malevolent touch by a prison guard gives rise to a federal cause of
11  action." Hudson, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of
12  'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis*
13  uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience
14  of mankind.'" Id. at 9-10 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (some internal
15  quotation marks omitted).

16  Finally, while "prisoners have a right to be free from sexual abuse, . . . the Eighth
17  Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v.
18  Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (citations omitted).

19  While plaintiff makes reference to sexual misconduct by defendant Morgan, the
20  allegations in the complaint are vague. Specifically, it is not clear from the complaint whether
21  plaintiff is alleging that defendant Morgan actually engaged in sexual contact with plaintiff, or if
22  Morgan's actions were limited to inappropriate sexual comments or offers of sexual contact.
23  With respect to the reference to consent, it is not clear whether plaintiff is asserting that defendant
24  should not have made sexual comments to plaintiff because inmates cannot legally consent to
25  sexual contact with prison staff, or if plaintiff is alleging that defendant actually engaged in
26  contact with plaintiff, which plaintiff attempted to refuse.

27  Plaintiff's claim will be dismissed with leave to amend. If plaintiff files an amended
28  complaint, plaintiff should clearly explain whether defendant Morgan made physical contact with

6

plaintiff. If defendant Morgan made sexually explicit comments to plaintiff, plaintiff should inform the court as to what defendant Morgan actually said.

VII. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII. Summary

Plaintiff's request to proceed in forma pauperis is granted.

The complaint is dismissed with leave to amend because the facts plaintiff has alleged are not enough to state a claim for relief.

Plaintiff's claim that defendant Morgan was disrespectful to him does not state a claim because disrespectful language alone does not violate the Eighth Amendment.

Plaintiff's reference to sexual misconduct does not state a claim because plaintiff has not provided enough information about what happened between plaintiff and defendant Morgan. If there was sexual contact between plaintiff and defendant, plaintiff may be able to state a claim for sexual harassment or abuse. However, if defendant Morgan made sexual comments to plaintiff but did not act on them, it is less likely that plaintiff will be able to state a claim for relief.

If plaintiff chooses to file an amended complaint, he should explain what defendant Morgan did that violated plaintiff's constitutional rights.

Finally, plaintiff is reminded that an amended complaint must include all of the claims plaintiff wants to make because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////
////
////
////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 15, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE